UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHASHA BROWN,

                            Plaintiff,

                          -against-

THE CITY OF NEW YORK, P.O. MATHEW BYRNES Shield No. 13678, Individually and in his Official Capacity, P.O. MICHAEL RICKETTS, Shield No. 26627, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                          Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**

**15 CV 03162 (NRB)**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff SHASHA BROWN, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SHASHA BROWN is an African American male and has been at all relevant times a resident Bronx County in the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned P.O. MATHEW BYRNES, P.O. MICHAEL RICKETTS, and P.O.s JOHN DOE #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

- 3 -

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about June 3, 2012, plaintiff SHASHA BROWN, an honor student at the prestigious Wesleyan University on both merit and athletic scholarships, took a yellow taxi cab from 31st Street and 3rd Avenue, New York, NY, to his mother's house, located at 113th Street and 2nd Avenue in New York, NY.

14. At the aforesaid time and place, Mr. Brown was lawfully riding in the back seat of the taxi cab. When he reached his destination, Mr. Brown attempted to pay his fare with a credit card. Unfortunately, the credit card machine malfunctioned. As such, Mr. Brown asked the taxi driver for assistance in using the credit card machine, or in the alternative, to be driven to an ATM where he could withdraw monies to pay the fare in cash.

15. At this time, instead of helping Mr. Brown, the taxi driver drove him to a nearby NYPD precinct. Once at the precinct, NYPD officers ran Mr. Brown's credit card through the taxi cab's credit card machine and the transaction was approved.

16. Thereafter, instead of allowing Mr. Brown to leave, the above named NYPD officers began to yell at claimant and then handcuffed him with his hands tightly behind his back – for the first time in his life – without any evidence that he had acted unlawfully in any way.

17. Thereafter, defendants charged Mr. Brown with Resisting Arrest and Harassment in the Second Degree.

18. At no time on June 3, 2012, did the plaintiff resist arrest, harass anyone, or behave unlawfully in any way.

19. At no time on June 3, 2012, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

20. At no time on June 3, 2012, did defendants possess probable cause to arrest plaintiff.

21. At no time on June 3, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

22. Thereafter, defendants confined Mr. Brown in a holding cell without his consent.

23. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office – namely, the defendants falsely informed prosecutors that: 1) Mr. Brown had placed his left hand around defendant Byrnes' right wrist and pulled defendant Byrnes' right wrist; 2) Mr. Brown had placed his left hand around the right wrist of defendant Ricketts and pulled defendant Ricketts' right wrist; 3) Mr. Brown had placed his hand on defendant Byrnes' shirt and pulled on defendant Byrnes' shirt; and, 4) Mr. Brown had placed his hand on defendant Ricketts' shield and attempted to remove it. In addition, defendant Byrnes falsely informed the New York County DA's Office that as he was placing Mr. Brown under arrest, Mr. Brown pulled his arms close to his body and refused to turn around in order to avoid being arrested.

24. As a result of his unlawful arrest, Mr. Brown spent approximately twenty-four (24) hours in custody – where he observed several grown men defecating on the floor and one man eating his own vomit – before being released following criminal court arraignment.

25. Subsequently, Mr. Brown made approximately twenty-one (21) court appearances over the course of two (2) years before all charges against him were adjourned in contemplation of dismissal on March 13, 2015.

26. As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

- 7 -

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38. Defendants created false evidence against the plaintiff.

39. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office – namely, the defendants falsely informed prosecutors that : 1) Mr. Brown had placed his left hand around defendant Byrnes' right wrist and pulled defendant Byrnes' right wrist; 2) Mr. Brown had placed his left hand around the right wrist of defendant Ricketts and pulled defendant Ricketts' right wrist; 3) Mr. Brown had placed his hand on defendant Byrnes' shirt and pulled on defendant Byrnes' shirt; and, 4) Mr. Brown had placed his hand on defendant Ricketts' shield and attempted to remove it. In addition, defendant Byrnes falsely informed the New York County DA's Office that as he was placing Mr. Brown under arrest, Mr. Brown pulled his arms close to his body and refused to turn around in order to avoid being arrested.

40. Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

41. In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

45. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   iii. fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

51. The acts complained of deprived the plaintiff of his right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. Not to have summary punishment imposed upon him; and

    d. To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       November 4, 2015

BY: _____

- 10 -

JOSHUA FITCH
GERALD COHEN
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com
ifuchs@cohenfitch.com